# EXHIBIT A

STATE COURT COMPLAINT

SHIRLEE M. RHEAD v. FIRST NATIONS COMPENSATION
PLAN and SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.
Third Judicial Circuit Court, Moody County,
State of South Dakota

STATE OF SOUTH DAKOTA )        IN CIRCUIT COURT
: SS
COUNTY   OF   MOODY  )        THIRD JUDICIAL CIRCUIT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SHIRLEE M. RHEAD,              Civ. 09-_____

        Plaintiff,

vs.                       COMPLAINT

FIRST NATIONS COMPENSATION
PLAN and SEDGWICH CLAIMS
MANAGEMENT SERVICES, INC.,

        Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PLAINTIFF, FOR HER COMPLAINT AGAINST DEFENDANTS, STATES AND ALLEGES AS FOLLOWS:

1.

That at all times relevant herein, Plaintiff is and has been a resident of Moody County, South Dakota.

2.

That from on or about September 3, 1990 to March 10, 2007, Plaintiff was an employee of Royal River Casino owned by the Flandreau Santee Sioux Tribe.

3.

That Plaintiff had an excellent work record at said casino, working every day from her date of employment up to March 10, 2007.

4.

That Plaintiff arrived on the premises of the Royal River Casino shortly before 8:00 a.m. on March 10, 2007, parked her car in the designated employee parking lot, and was in the process of entering the building using the designated Employee Entrance, as required by the Guide to Conduct General Guidelines, paragraph 1 provision contained in the 2004 Employee Handbook at page 25.

5.

That Plaintiff slipped and fell on ice that had unnaturally accumulated at said entrance, causing serious bodily injury.

6.

That Plaintiff's injury was immediately noted by her employer, and Plaintiff left the premises in an ambulance.

7.

That as a result of the fall, Plaintiff has suffered serious bodily injury, requiring surgery; has as a result a permanent partial disability, lost wages, and has incurred significant and ongoing medical expenses. Plaintiff in addition suffered pain and suffering and continues to experience pain and continues to suffer to this date and will into the future.

8.

That employees of the Flandreau Santee Sioux Tribe working at the Royal River Casino in Flandreau, South Dakota, were informed both orally and in writing through the Employee Handbook that they were covered by Workers' Compensation Insurance. The 2004 edition of the Employee Handbook provides in part, on page 23, "Workers' Compensation Insurance provides benefits for job-related injuries. All employees are covered and the entire cost of this insurance is paid by Royal River Casino, Bingo and Motel. . ." Said handbook goes on to provide, ". . . Should any employee sustain a work-related injury, our Workers' Compensation Insurance will provide medical coverage and income replacement for the period of the employee's disability, as required by law."

9.

Throughout the time period in which Plaintiff was employed and up to and including the date of Plaintiff's fall and injury on March 10, 2007, the Flandreau Santee Sioux Tribe, on behalf of employees of its Royal River Casino, paid workers' compensation premiums to its Workers' Compensation Insurance Company, Defendant First Nations Compensation Plan, of Grand Island, Nebraska.

10.

That Defendant First Nations Compensation Plan accepted said premium payments for the purposes of providing Workers' Compensation Insurance coverage for the employees of the Flandreau Santee Sioux Tribe working at the Royal River Casino, and did in fact make payments on behalf of employees thereby covered.

11.

Defendant First Nations Compensation Plan contracted with Defendant Sedgwich Claims Management Services, Inc., of Omaha, Nebraska, to administer said plan, and Defendant Sedgwich Claims Management Services, Inc. at all times relevant herein acted as the administrator of the Flandreau Santee Sioux Tribe's purported Workers' Compensation Insurance Plan for their employees, and was the agent of Defendant First Nations Compensation Plan.

12.

That as a result of Plaintiff's fall and the injuries sustained by her in said fall, Plaintiff has incurred medical expense to date in excess of $40,400.00, the actual amount to be proven at trial.

13.

That as a result of Plaintiff's fall and the injuries sustained by her in said fall, Plaintiff was unable to work at Royal River Casino owned by the Flandreau Santee Sioux Tribe, as normally covered under Workers' Compensation Insurance and would be entitled to loss of earnings benefits based upon her hourly earnings as of March 10, 2007, in an amount to be determined at trial.

14.

That as a result of Plaintiff's fall and the injuries sustained by her in said fall, Plaintiff suffered permanent partial disability and would be entitled to reimbursement for said permanent partial disability, as provided by Workers' Compensation Law.

## FIRST CAUSE OF ACTION
## CONSTRUCTIVE TRUST

15.

Plaintiff realleges paragraph 1 through 14 above as if fully set forth herein.

16.

That the actions by Defendant First Nations Compensation Plan in accepting premiums from the Flandreau Santee Sioux Tribe on behalf of its employees has created a constructive trust in favor of said employees, requiring Defendant to be responsible for the reasonable and ordinary workers' compensation benefits otherwise provided by law to employees within the State of South Dakota.

17.

That as a result, Plaintiff is entitled to recovery under the general provisions of the South Dakota Workers' Compensation Act for all injuries sustained by her as a result of her fall on March 10, 2007, including full payment of all medical expenses and related drug expenses and other ancillary medical services; payment for travel to and from physicians and any other compensable loss related to her treatment, together with payment for her loss of time based on her wage as of March 10, 2007, and compensation for her permanent partial disability, all in an amount to be determined at trial.

18.

That as a result of said constructive trust providing workers' compensation benefits, Defendants are precluded from raising as a defense assumption of the risk or contributory negligence.

19.

That Defendant Sedgwich Claims Management Services, Inc., as the agent of Defendant First Nations Compensation Plan, is jointly and severally liable to Plaintiff for all damages asserted herein against Defendant First Nations Compensation Plan.

## SECOND CAUSE OF ACTION
## FRAUD AND DECEIT

20.

Plaintiff realleges paragraphs 1 through 19 above as if fully set forth herein.

21.

Plaintiff was lead to believe by both Defendants that there was a Workers' Compensation Plan in effect controlled by a Tribal Ordinance of the Flandreau Santee Sioux Tribe entitled "Tribe Occupational Injury Ordinance," consisting of Tribal Code Sections 4E-1.1 through 4E-1.29, inclusive, which was purportedly passed by resolution on September 3, 1996, and was purportedly in full force and effect at the time of Plaintiff's fall and injury on March 10, 2007.

22.

That said Tribal Occupational Injury Ordinance was in fact never passed by the Flandreau Santee Sioux Tribe, and while a draft ordinance was prepared, the final version of said ordinance was never adopted and entered.

23.

That Defendant Sedgwich Claims Management Services, Inc., on or about March 12, 2007, informed Plaintiff that as an employee of a Native American Indian Tribe acting as a sovereign nation, her workers' compensation claim would be handled in accordance with the Tribe's Occupational Injury Benefit Ordinance, and as a result, in reliance upon a specific provision therein which is contrary to general South Dakota law, denied her workers' compensation claim alleging that she had failed to clock in for her shift and, therefore, was not covered by the "Tribal Ordinance." Said ordinance had not been properly adopted; nevertheless, Defendant Sedgwich Claims Services Management Services, Inc., on behalf of

their principal, Defendant First Nations Compensation Plan, denied Plaintiff's workers' compensation coverage based on said provision.

24.

That the actions of both Defendants herein in asserting a unique provision from an ordinance that had not been passed to deny Plaintiff's claim and leading Plaintiff to believe that said ordinance bars her recovery amounts to fraud and deceit, and Defendants are jointly and severally liable to Plaintiff for all damages that flow as a result of said actions, including Plaintiff's attorney's fees and costs.

25.

That as a result of said Defendants' actions as alleged herein, Plaintiff incurred additional mental anguish and suffering, and is entitled to damages jointly and severally from both Defendants in an amount to be determined at trial, but not less than One Hundred Thousand Dollars ($100,000.00).

26.

That as a result of said Defendants' actions as alleged herein, Plaintiff further incurred additional significant attorney's fees in attempting to recover from her injuries and experienced significant delay from March 10, 2007 to the present in attempting to recover for the losses sustained by her.

### THIRD CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27.

Plaintiff realleges paragraphs 1 through 26 above as if fully set forth herein.

28.

That the actions of Defendants herein and their misleading Plaintiff as set forth herein amounts to negligent infliction of emotional distress, and Plaintiff should be awarded damages in an amount not less than One Hundred Thousand Dollars ($100,000.00), as to be determined at the time of trial.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29.

Plaintiff realleges paragraph 1 through 28 above as if fully set forth herein.

30.

That the actions of Defendants herein in not doing due diligence to determine whether or not their reason for denying Plaintiff's claim was based in fact or not in causing Plaintiff additional delay so as to avoid making payment of insurance benefits to Plaintiff amounts to intentional infliction of emotional distress, and Plaintiff should be awarded recovery of not less than One Hundred Thousand Dollars ($100,000.00), as to be determined at the time of trial.

## FIFTH CAUSE OF ACTION
## FRAUDULENT CONCEALMENT AND
## FRAUDULENT MISREPRESENTATION

31.

Plaintiff realleges paragraph 1 through 30 above as if fully set forth herein.

32.

That Defendants herein, in asserting a defense that they had no right to assert to deny Plaintiff her rightful coverage, is fraudulent concealment and fraudulent misrepresentation, and Plaintiff should be awarded recovery of not less than One Hundred Thousand Dollars ($100,000.00), as to be determined at the time of trial.

## SIXTH CAUSE OF ACTION
## PUNITIVE DAMAGES

33.

Plaintiff realleges paragraph 1 through 32 above as if fully set forth herein.

34.

That the acts of Defendants herein amounts to willful and wanton misconduct and entitles Plaintiff to punitive damages against Defendants, jointly and severally, as provided by South Dakota statute, and Plaintiff should be awarded recovery of not less than Three Hundred Thousand Dollars ($300,000.00), as to be determined at the time of trial.

### SEVENTH CAUSE OF ACTION
### ATTORNEY'S FEES

35.

Plaintiff realleges paragraph 1 through 34 above as if fully set forth herein.

36.

That the willful and wanton misrepresentations by Defendants, as set forth herein, caused Plaintiff to incur significant and substantial attorney's fees and delay in pursuing her claim, and Defendants should be jointly and severally liable, as allowed by law, to Plaintiff for Plaintiff's reasonable expenses and costs incurred by her for attorney's fees, and Plaintiff should be awarded prejudgment interest from March 10, 2007 to the present at the statutory rate, together with Plaintiff's costs and disbursement incurred herein in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a)    That under Plaintiff's first cause of action for a constructive trust for workers' compensation benefits, Plaintiff should be awarded all benefits entitled to her under the South Dakota Workers' Compensation Act, including but not limited to loss of time benefits, payment of all medical and related expenses, and damages for permanent partial disability, together with interest thereon from the date of occurrence of each debt at the highest rate allowed by law;

(b)    That under Plaintiff's second cause of action for fraud and deceit, Plaintiff should be awarded damages in an amount of not less than One Hundred Thousand Dollars ($100,000.00);

(c)     That under Plaintiff's third cause of action for negligent infliction of emotional distress, Plaintiff should be awarded damages in an amount of not less than One Hundred Thousand Dollars ($100,000.00);

(d)     That under Plaintiff's fourth cause of action for intentional infliction of emotional distress, Plaintiff should be awarded damages in an amount of not less than One Hundred Thousand Dollars ($100,000.00);

(e)     That under Plaintiff's fifth cause of action for fraudulent concealment and fraudulent misrepresentation, Plaintiff should be awarded damages in an amount of not less than One Hundred Thousand Dollars ($100,000.00);

(f)     That under Plaintiff's sixth cause of action for punitive damages, Plaintiff should be awarded damages in an amount of not less than Three Hundred Thousand Dollars ($300,000.00);

(g)     That under Plaintiff's seventh cause of action for attorney's fees, Plaintiff should be awarded her attorney's fees, tax and costs, together with prejudgment interest thereon at the highest rate allowed by law, as determined at trial;

(h)     That both Defendants herein should be jointly and severally liable for all of Plaintiff's damages as set forth herein;

(i)     That Plaintiff, in all cases where interest is appropriate, should be awarded interest at the highest rate allowable by law; and

(j)     That the Court grant such other and further relief as may be just and equitable.

Dated this 26th day of May, 2009.

SHAEFFER LAW OFFICE

By: _____
JOHN A. SHAEFFER
Attorneys for Plaintiff
PO Box 304
Flandreau, SD 57028
Ph. (605) 997-3721

LAMMERS, KLEIBACKER & BROWN, LLP

By: _____

WILSON KLEIBACKER
Attorneys for Plaintiff
PO Box 45
Madison, SD 57042
Ph. (605) 256-6677

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues herein.

Dated this 26th day of May, 2009.

SHAEFFER LAW OFFICE

By: _____

JOHN A. SHAEFFER
Attorneys for Plaintiff
PO Box 304
Flandreau, SD 57028
Ph. (605) 997-3721

LAMMERS, KLEIBACKER & BROWN, LLP

By: _____

WILSON KLEIBACKER
Attorneys for Plaintiff
PO Box 45
Madison, SD 57042
Ph. (605) 256-6677